———————

(37 Misc. Rep. 151.)

### In re BOYCE'S ESTATE.

### In re GRANT.

(Surrogate's Court, Lewis County. January, 1902.)

SURROGATE'S COURT—JURISDICTION.

The surrogate's court has no jurisdiction, on the settlement of an estate, to determine whether an assignment of a legacy by a legatee, valid on its face, was valid in law as against the legatee.

In the matter of the estate of Stewart C. Boyce. Application of Sweetzer, Pembroke & Co. for the payment of a legacy to them on the ground of an absolute assignment thereof by Martha E. Grant. Application granted.

Ryel & Merrill, for Sweetzer, Pembroke & Co.
C. L. Davenport, for Martha E. Grant.

TURNER, S. The executors under the will of Stewart C. Boyce have now in their hands the legacy of $2,000 bequeathed in and by the will of said testator to Martha, the daughter of Horace Boyce, and are ready to pay over the same to the person or persons legally entitled thereto, as the court may direct. This legacy is claimed by the firm of Sweetzer, Pembroke & Co., of New York City, under and by virtue of the assignment of Martha E. Grant, the legatee, which they now hold; alleging that such assignment was made, delivered to, and accepted by them for value received by said legatee

at the time of such delivery and acceptance aforesaid. The claim of Sweetzer, Pembroke & Co. is resisted by Martha E. Grant, and she asks that the executors be instructed and directed to pay over that legacy to her, predicating her demand and claim upon the facts that she was, at the time of executing and delivering the transfers or assignments of the legacy in question, a married woman, and a resident of the state of Indiana, and that such transfer or assignment was in contravention of, and against the provisions of, the statutes of that state, and therefore invalid and wholly ineffectual.

The married woman's acts of Indiana are embodied in sections 5115 to 5141, inclusive, of the Revised Statutes of that state, and I am cited to sections 5119 and 5130, which are as follows:

"Sec. 5119. A married woman shall not enter into any contract of suretyship, whether as indorser, guarantor, or in any other manner, and such contract, as to her, shall be void."

"Sec. 5130. A married woman may carry on any trade or business, and perform any labor or service on her sole and separate account. The earnings and profits of any married woman, accruing from her trade, business, services, or labor, other than labor for her husband or family, shall be her sole and separate property."

Her contention is that the contract in question was one made and entered into in the state of Indiana, and that therefore it must be construed and governed by the law of that state. It is an elementary principle of law that the nature, validity, and interpretation of a contract are to be determined by the law of the state in which it is made, and, if invalid there, it is invalid everywhere; and if all the facts and circumstances connected with and constituting that whole transaction to its completion were as claimed by Martha E. Grant, her contention should prevail, but it seems to me they are not. The evidence tends to show that late in August or early in September, 1900, W. C. Grant visited the store of Sweetzer, Pembroke & Co., in New York City, and there sought to buy goods of that firm, stating that he proposed to form a copartnership with one Martha or Mattie E. Grant, who was a legatee under the will of her late uncle to the amount of $2,000, and which was substantially ready for payment over by the executors, and that she would transfer the same to Sweetzer, Pembroke & Co. as payment on the goods he intended to purchase for the new firm, located at Dunkirk, Ind., and that he selected goods on the strength of this statement, and which were put aside to be shipped when Sweetzer, Pembroke & Co. should receive and accept a satisfactory transfer or assignment of that legacy. Subsequently Martha E. Grant did execute, in the state of Indiana, a transfer in writing of that legacy to Sweetzer, Pembroke & Co., and it was sent to them; but, not proving acceptable, she duly executed in the same state another assignment (being the instrument of September 25, 1900), and which was also sent to Sweetzer, Pembroke & Co., and which on or about September 28, 1900, Sweetzer, Pembroke & Co. received and accepted, and immediately thereafter shipped the goods to W. C. Grant & Co., at Dunkirk, Ind. The legacy was in the state of New York, in the hands

of the executors, who were and are residents of this state, and who must discharge their duties as such executors under New York laws, and pursuant to the decrees of the proper probate court in this state. Sweetzer, Pembroke & Co. were merchants located and selling goods in the city of New York; and it seems clear to me that the contract between the parties was entered into and completed in that city, and that the mere execution of the transfers or assignment in the state of Indiana was simply an incident to, and only one step in the completion of, the contract between the parties, and that the same was not completed until the reception and acceptance by Sweetzer, Pembroke & Co. of the assignment in question, when they thereupon shipped the goods to W. C. Grant & Co. as provided in the agreement. It seems to me that upon these facts it must be held that the contract was to be performed in the state of New York, and must be governed by the laws of this state. Jewell v. Wright, 30 N. Y. 259, 264, 86 Am. Dec. 372; Dickinson v. Edwards, 77 N. Y. 573, 578, 33 Am. Rep. 671; Bank v. Lacombe, 84 N. Y. 367, 38 Am. Rep. 518. But upon the facts presented, and in view of the rival claims made to that legacy,—one by original title, and the other by an assignment apparently valid,—a question is presented which I do not think this court has power or jurisdiction to determine. The jurisdiction of the surrogate's court is special and limited, and is only such as is expressly or by implication conferred by statute, and possesses no broad equity power; hence the parties to this controversy must submit the question as to their rights to that legacy to a higher tribunal for adjudication and determination. In re Randall, 152 N. Y. 508, 46 N. E. 945.

A decree may be entered passing the account of the executors as filed, and containing a provision for payment over of the residuary moneys and legacies as provided in the will of testator, except as to the legacy to Martha E. Grant, concerning which a provision may be made for its payment to Sweetzer, Pembroke & Co. under their assignment, unless the legatee named in the will shall, within 40 days after service upon her attorney of a copy of the findings, conclusions, and decree herein, commence an action in the supreme court of the state of New York to have the assignment of said legacy invalidated, and for a decree or judgment directing payment of said legacy to herself. Let findings, conclusions. and a decree be prepared accordingly.

Decreed accordingly.